1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

11
12

JERRY RICHARD, Individually and on
Behalf of All Others Similarly Situated,    )
)
)
13
)
14                               Plaintiff,    )        Civil Action No.
)
15          -against-                         )        FEDERAL SECURITIES
)        CLASS ACTION COMPLAINT
16                                            )
NORTHWEST PIPE COMPANY, BRIAN               )
17   W. DUNHAM, and STEPHANIE J. WELTY,      )        JURY TRIAL DEMANDED
)
18                               Defendants.   )
)
19   ─────────────────────────────────────────

20

Plaintiff Jerry Richard ("Plaintiff"), individually and on behalf of all other persons

21   similarly situated, by his undersigned attorneys, for his Class Action Complaint against

22   defendants, alleges upon personal knowledge as to himself and his own acts, and upon

23   information and belief as to all other matters, based on, *inter alia*, the investigation conducted by

24   and through his attorneys, which included, among other things, a review of the defendants'

25   public documents, conference calls and announcements made by defendants, Securities and

26

27   Exchange Commission ("SEC") filings, wire and press releases published by and regarding

28

COMPLAINT FOR VIOLATION OF THE            1            Zwerling, Schachter & Zwerling, LLP
FEDERAL SECURITIES LAW                                 1904 Third Avenue, Suite 1030
Case No.:                                              Seattle, WA 98101-1170
                                                       Telephone: (206) 223-2053

Northwest Pipe Company ("Northwest" or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet.

## NATURE OF THE ACTION

1.      This is a securities fraud class action alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 against the Company and certain of its senior management, and is brought on behalf of all persons who purchased or otherwise acquired the common stock of Northwest between April 23, 2008 and November 11, 2009, both dates inclusive (the "Class Period").

2.      During the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results.  Specifically, defendants overstated the Company's revenues and earnings by failing to recognize revenues in accordance with Generally Accepted Accounting Principles ("GAAP").

3.      As a result of these material misrepresentations, Northwest common stock traded at artificially inflated prices throughout the Class Period.

4.      On November 12, 2009, the Company shocked the market when it announced that it was delaying the filing of its quarterly report for the period ended September 30, 2009, pending the conclusion of an ongoing internal investigation of certain accounting matters, including revenue recognition practices, being conducted by the Company's Audit Committee.

5.      Upon this disclosure, Northwest's  stock dropped $4.49 per share to close at $26.74 per share on November 12, 2009, a one-day decline of 14.37%, on extremely high trading volume of more than 590,000 shares, resulting in damage to Class members who had purchased at prices inflated by defendants' materially false and misleading statements.

**JURISDICTION AND VENUE**

6.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

7.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

8.     Venue is proper in this District pursuant to Section 27 of the Exchange Act, and 28 U.S.C. § 1391(b). Northwest conducts business in this District and many of the acts and practices complained of herein occurred in substantial part in this District. In addition, the Company's principal executive offices are located in this District.

9.     In connection with the challenged conduct, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities markets.

**PARTIES**

**Plaintiff**

10.     Plaintiff, Jerry Richard, as set forth in the accompanying certification, incorporated by reference herein, purchased shares of Northwest common stock at artificially inflated prices during the Class Period and was damaged when the inflation dissipated upon disclosure of the Company's true state of affairs.

**Defendants**

11.     Defendant Northwest is an Oregon corporation which maintains its principal executive office at 5721 SE Columbia Way, Vancouver, WA 98661. The Company

manufactures and markets large-diameter, high-pressure steel pipeline systems for use in water infrastructure applications, primarily related to drinking water systems. Its pipeline systems are also used for hydroelectric power systems, wastewater systems, and other applications.

12.    The aggregate number of shares of Northwest common stock outstanding as of August 7, 2009 was approximately 9.23 million. Northwest common stock is actively traded on the NASDAQ under the ticker symbol "NWPX."

13.    Defendant Brian W. Dunham ("Dunham") is, and at all relevant times was, the Company's President and Chief Executive Officer ("CEO").

14.    Defendant Stephanie J. Welty ("Welty") is, and at all relevant times was, the Company's Senior Vice President and Chief Financial Officer ("CFO").

15.    The defendants referenced above in ¶¶ 13 – 14 are sometimes referred to herein as the "Individual Defendants."

<u>**SUBSTANTIVE ALLEGATIONS**</u>

**<u>Background</u>**

16.    Northwest manufactures and markets large-diameter, high-pressure steel pipeline systems for use in water infrastructure applications, primarily related to drinking water systems. Its pipeline systems are also used for hydroelectric power systems, wastewater systems and other applications. The company also manufactures and markets smaller diameter, electric resistance welded steel pipe for use in a range of applications, including construction, agricultural, industrial, energy, and traffic signpost systems.

**<u>Defendants' Materially False and Misleading Statements</u>**

17.    On April 23, 2008, the Company issued a press release announcing its financial results for the first quarter ended March 31, 2008. The Company reported sales for the first

COMPLAINT FOR VIOLATION OF THE
FEDERAL SECURITIES LAW
Case No.:

4

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone: (206) 223-2053

quarter of 2008 at $94.0 million, compared to $90.7 million for the first quarter of 2007. Net income for the first quarter of 2008 was reported at $5.0 million, compared to $4.5 million in the first quarter of 2007.

18.    On May 9, 2008, the Company filed its quarterly report for the first quarter of fiscal 2008 with the SEC on Form 10-Q. The Form 10-Q reiterated the previously announced financial results and was signed by defendants Dunham and Welty. In addition, pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), the Form 10-Q contained signed certifications by defendants Dunham and Welty stating that the Form 10-Q did not contain any material misrepresentations.

19.    On July 23, 2008, the Company issued a press release announcing its financial results for the second quarter ended June 30, 2008. The Company touted "record sales, earnings and backlog" for the period. Northwest reported sales of $121.1 million for the second quarter of 2008, compared to $101.9 million for the second quarter of 2007. Net income for the second quarter of 2008 was reported at $8.4 million, compared to $5.7 million in the first quarter of 2007.

20.    On August 8, 2008, the Company filed its quarterly report for the second quarter of fiscal 2008 with the SEC on Form 10-Q. The Form 10-Q reiterated the previously announced financial results and was signed by defendants Dunham and Welty. In addition, pursuant to SOX, the Form 10-Q contained signed certifications by defendants Dunham and Welty stating that the Form 10-Q did not contain any material misrepresentations.

21.    On October 22, 2008, the Company issued a press release announcing its financial results for the third quarter ended September 30, 2008. The Company touted its "record sales and earnings" for the third quarter of 2008. Northwest reported sales of $123.4 million in the third

COMPLAINT FOR VIOLATION OF THE
FEDERAL SECURITIES LAW
Case No.:

5

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone: (206) 223-2053

quarter of 2008, compared to $92.0 million for the third quarter of 2007.  Net income for the third quarter was reported at $10.2 million, compared to $5.1 million in the third quarter of 2007.

22.    On November 10, 2008, the Company filed its quarterly report for the third quarter of fiscal 2008 with the SEC on Form 10-Q.  The Form 10-Q reiterated the previously announced financial results and was signed by defendants Dunham and Welty. In addition, pursuant to SOX, the Form 10-Q contained signed certifications by defendants Dunham and Welty stating that the Form 10-Q did not contain any material misrepresentations.

23.    On February 25, 2009, the Company announced its financial results for the fourth quarter and full year ended December 31, 2008. The Company touted its "record revenue and earnings for the year ended December 31, 2008."  The Company recorded revenues of $439.7 million for 2008, compared to $328 million in 2007.  Net income for 2008 was reported at $32.3 million, compared to $20.8 million in 2007.  For the fourth quarter of 2008, the Company reported $110.2 million in revenue, up from $98.2 million for the fourth quarter of 2007.  Net income in the fourth quarter of 2008 was reported at $8.6 million, compared to $5.6 million in the fourth quarter of 2007.

24.    On March 13, 2009, the Company filed its annual report for fiscal 2008 with the SEC on Form 10-K.  The Form 10-K reiterated the previously announced financial results and was signed by defendants Dunham and Welty. In addition, pursuant to SOX, the Form 10-K contained signed certifications by defendants Dunham and Welty stating that the Form 10-K did not contain any material misrepresentations.

25.    On April 28, 2009, the Company announced its results for the first quarter of fiscal 2009, ended March 31, 2009. The Company reported sales of $81.4 million and net income of $2.6 million.

COMPLAINT FOR VIOLATION OF THE
FEDERAL SECURITIES LAW
Case No.:

6

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone:  (206) 223-2053

26.    On May 8, 2009, the Company filed its quarterly report for the first quarter of fiscal 2009 with the SEC on Form 10-Q.  The Form 10-Q reiterated the previously announced financial results and was signed by defendants Dunham and Welty. In addition, pursuant to SOX, the Form 10-Q contained signed certifications by defendants Dunham and Welty stating that the Form 10-Q did not contain any material misrepresentations.

27.    On July 29, 2009, the Company issued a press release announcing financial results for its second quarter of fiscal 2009, ended June 30, 2009.  The Company reported sales of $74.9 million and net income of $2.4 million for the second quarter.  In the same quarter of fiscal 2008, sales were reported at $112.1 million and net income was reported at $8.4 million.

28.    On August 7, 2009, the Company filed its quarterly report for the second quarter of fiscal 2009 with the SEC on a Form 10-Q.  The Form 10-Q reiterated the previously announced financial results and was signed by defendants Dunham and Welty. In addition, pursuant to SOX, the Form 10-Q contained signed certifications by defendants Dunham and Welty stating that the Form 10-Q did not contain any material misrepresentations.

**The Truth Emerges**

29.    On November 12, 2009, the Company announced that its quarterly report for the period ending September 30, 2009 would be delayed due to an "ongoing" internal investigation of certain accounting matters being conducted by the Company's Audit Committee. Specifically, the Company disclosed the following, in relevant part:

> Northwest Pipe Company (NASDAQ: NWPX) today announced its preliminary estimates of financial results for the third quarter ended September 30, 2009. The Company also announced that it has delayed the filing of its Quarterly Report on Form 10-Q for the quarter ended September 30, 2009, pending the conclusion of an ongoing internal investigation of certain accounting matters, including certain revenue recognition practices, being conducted by the Audit Committee of the Board of Directors with the

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone:  (206) 223-2053

assistance of independent professionals. The Company plans to file its Quarterly Report on Form 10-Q for the quarter ended September 30, 2009 and publish final third quarter results as soon as practicable after the completion of the Audit Committee's investigation and the completion of the additional accounting work, if any, required as a result of the Audit Committee's investigation. Until that time the preliminary estimates of financial results presented in this press release are preliminary and subject to change.

30.    Upon the news of this disclosure reaching the market, the price of Northwest's common stock dropped $4.49 per share to close at $26.74 per share on November 12, 2009, a one-day decline of 14.37% on extremely high trading volume.

31.    As a result of defendants' false and misleading statements, Northwest's stock traded at artificially inflated prices during the Class Period.  Following the disclosure of the revelations about the Company's true state of affairs, the price of the Company's common stock plunged on high volume. Plaintiff and Class members who had purchased the Northwest securities at inflated prices were thereby injured.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

32.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of all persons or entities that purchased or otherwise acquired Northwest common stock during the period of April 23, 2008 through November 11, 2009, both dates inclusive, and were damaged thereby (the "Class"). Excluded from the Class are defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

33.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Northwest common shares were actively traded on

the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Northwest or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

34.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

35.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

36.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by defendants' acts as alleged herein;

- whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Northwest;

- whether defendants caused Northwest to issue false and misleading financial statements during the Class Period;

- whether defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the market prices of Northwest common stock during the Class Period were artificially inflated because of the defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

37.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

38.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- the common stock of the Company traded in an efficient market;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's common stock; and

- Plaintiff and members of the Class purchased their Northwest stock between the time the defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

39.    Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

## CLAIMS FOR RELIEF

## COUNT I

### (Against All Defendants For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder)

COMPLAINT FOR VIOLATION OF THE
FEDERAL SECURITIES LAW
Case No.:                                    10                    Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone: (206) 223-2053

40.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

41.     This Count is asserted against defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

42.     During the Class Period, defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Northwest common stock; and (iii) cause Plaintiff and other members of the Class to purchase Northwest common stock at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of them, took the actions set forth herein.

43.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Northwest common stock.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Northwest' finances and business prospects.

44.    By virtue of their positions at Northwest, defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to defendants.  Said acts and omissions of defendants were committed willfully or with reckless disregard for the truth.  In addition, each defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

45.    Defendants were personally motivated to make false statements and omit material information necessary to make the statements not misleading in order to personally benefit from the sale of Northwest common stock from their personal portfolios.

46.    Information showing that defendants acted knowingly or with reckless disregard for the truth is peculiarly within defendants' knowledge and control.  As the senior managers and/or directors of Northwest, the Individual Defendants had knowledge of the details of Northwest's internal affairs.

47.    The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein.  Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Northwest.  As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Northwest's businesses, operations, future financial condition and future prospects.  As a result of the dis-semination of the aforementioned false and misleading reports, releases and public statements,

COMPLAINT FOR VIOLATION OF THE
FEDERAL SECURITIES LAW
Case No.:                                    12                    Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone:  (206) 223-2053

the market price of Northwest's common stock was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Northwest's business and financial condition which were concealed by defendants, Plaintiff and the other members of the Class purchased Northwest common stock at artificially inflated prices and relied upon the price of the stock, the integrity of the market for the stock, and/or upon statements disseminated by defendants, and were damaged thereby.

48.     During the Class Period, Northwest common stock was traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased shares of Northwest common stock at prices artificially inflated by defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased said shares or would not have purchased them at the inflated prices that were paid. At the time of the purchases by Plaintiff and the Class, the true value of Northwest stock was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Northwest common stock declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

49.     By reason of the conduct alleged herein, defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

50.     As a direct and proximate result of defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's common stock during the Class Period.

## COUNT II

### (Violations of Section 20(a) of the
### Exchange Act Against The Individual Defendants)

51.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52.     (a)     During the Class Period, the Individual Defendants participated in the operation and management of Northwest, and conducted and participated, directly and indirectly, in the conduct of Northwest's business affairs.  Because of their senior positions, they knew the adverse non-public information about Northwest's misstatement of income and expenses and false financial statements.

(b)     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Northwest's financial condition and results of operations, and to correct promptly any public statements issued by Northwest which had become materially false or misleading.

(c)     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Northwest disseminated in the marketplace during the Class Period concerning Northwest's results of operations.   Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Northwest to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Northwest within the meaning of Section 20(a) of the Exchange Act.   In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Northwest common stock.

53.    Each of the Individual Defendants, therefore, acted as a controlling person of Northwest.  By reason of their senior management positions and/or being directors of Northwest, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Northwest to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Northwest and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

54.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Northwest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A.    Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative and Lead Plaintiff;

B.    Requiring defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.    Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.    Awarding such other and further relief as this Court may deem just and proper.

COMPLAINT FOR VIOLATION OF THE
FEDERAL SECURITIES LAW
Case No.:

15

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone:  (206) 223-2053

# DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury of all issues that may be so tried.

Dated:  November 20, 2009

ZWERLING, SCHACHTER
   & ZWERLING, LLP


By:____/s/Dan Drachler_____
      Dan Drachler (WSBA #27728)
1904 Third Avenue, Suite 1030
Seattle, WA 98101
Tel:  (206)-223-2053
Fax: (206)-343-9636

POMERANTZ HAUDEK
GROSSMAN & GROSS LLP
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665

POMERANTZ HAUDEK
GROSSMAN & GROSS LLP
Patrick V. Dahlstrom
One North LaSalle Street, Suite 2225
Chicago, Illinois  60602
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184

GLANCY BINKOW & GOLDBERG LLP
Lionel Z. Glancy
1801 Ave. of the Stars, Suite 311
Los Angeles, California  90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160

*Counsel for Plaintiff Jerry Richard*

COMPLAINT FOR VIOLATION OF THE
FEDERAL SECURITIES LAW
Case No.:

16

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone:  (206) 223-2053

### Certification of Plaintiff
### Pursuant to Federal Securities Laws

1.    I, _Jerry Richard_, make this declaration pursuant to Section 101 of the Private Securities Litigation Reform Act of 1995 as required by Section 21D (a) (2) of Title I of the Securities Exchange Act of 1934.

2.    I have reviewed a Complaint against Northwest Pipe Company ("NWPX"), and authorize a filing of a comparable complaint on my behalf.

3.    I did not purchase my NWPX securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under Title I of the Securities Exchange Act of 1934.

4.    I am willing to serve as a representative party on behalf of a class as set forth in the Complaint, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action and that the Pomerantz Firm will exercise its discretion in determining whether to move on my behalf for appointment as lead plaintiff.

5.    To the best of my current knowledge, the attached sheet lists all of my purchases and sales in NWPX securities during the Class Period as specified in the Complaint.

6.    During the three-year period preceding the date on which this certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.    I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

8.    The matters stated in this declaration are true to the best of my current knowledge, information and belief.

I declare under penalty or perjury that the foregoing is true and correct.

Executed ___4/19/09___ , at ___Seattle Wash,___
        **(Date)**                       **(City, State)**

_____
           **(Signature)**

___Jerry Richard___
        **(Type or Print Name)**

## Summary of Purchases and Sales

| DATE | TRANSACTION TYPE: PURCHASE OR SALE | NUMBER/ TYPE OF SECURITY | PRICE OF SECURITY |
|------|-----------------------------------|--------------------------|-------------------|
| 11/13/08 | Purchase | 100 NWPX | 29.25 |
| 03/04/09 | Purchase | 100 NWPX | 25.9 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |