THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| PLUMBERS AND PIPEFITTERS LOCAL UNION NO. 630 PENSION-ANNUITY TRUST FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> NORTHWEST PIPE COMPANY, et al., <br><br> Defendants. | No. 3:09-cv-05724-RBL <br><br> <u>CLASS ACTION</u> <br><br> LEAD PLAINTIFF'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES <br><br> NOTE ON MOTION CALENDAR: November 9, 2012 |

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA 94104
Telephone: 415/288-4545 • Fax: 415/288-4534

# TABLE OF CONTENTS

                                                                              **Page**

I.     INTRODUCTION ........................................................................................1

II.    PROCEDURAL BACKGROUND.................................................................1

III.   TERMS OF THE SETTLEMENT ...............................................................3

IV.   THE SETTLEMENT SATISFIES THE CRITERIA NECESSARY FOR THIS COURT TO GRANT PRELIMINARY APPROVAL .....................................3

      A.     The Role of the Court in the Approval of a Class Action Settlement....................3

      B.     Factors to Be Considered in Granting Preliminary Approval................................4

V.    THE COURT SHOULD CERTIFY A CLASS FOR SETTLEMENT PURPOSES...........6

      A.     Standards Applicable to Class Certification ........................................................6

      B.     The Class Meets the Requirements of Rule 23(a) ...............................................7

            1.     Rule 23(a)(1): Numerosity .......................................................................7

            2.     Rule 23(a)(2): Questions of Law or Fact Are Common ............................8

            3.     Rule 23(a)(3): Lead Plaintiff's Claims Are Typical .................................8

            4.     Rule 23(a)(4): The Lead Plaintiff Is Adequate ..........................................9

      C.     The Class Meets the Requirements of Rule 23(b)(3).............................................9

            1.     Common Questions of Law or Fact Predominate.......................................9

            2.     A Class Action Is a Superior Method of Adjudication .............................10

      D.     Lead Counsel Should Be Appointed Class Counsel Under Rule 23(g)................10

VI.   PROPOSED SCHEDULE OF EVENTS......................................................11

VII.  CONCLUSION............................................................................................12

746872_2

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)   - i -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

**TABLE OF AUTHORITIES**

Page

CASES

*Amchem Prods. v. Windsor,*
  521 U.S. 591 (1997)..................................................................7, 9, 10

*Armstrong v. Bd. of Sch. Dirs.,*
  616 F.2d 305 (7th Cir. 1980) ...........................................................3, 4

*Blackie v. Barrack,*
  524 F.2d 891 (9th Cir. 1975) ..............................................................8

*Desai v. Deutsche Bank Sec. Ltd.,*
  573 F.3d 931 (9th Cir. 2009) ..............................................................7

*Fisher Bros. v. Cambridge-Lee Indus., Inc.,*
  630 F. Supp. 482 (E.D. Pa. 1985) .......................................................4

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) ............................................................9

*Harris v. Palm Springs Alpine Estates, Inc.,*
  329 F.2d 909 (9th Cir. 1964) ..............................................................7

*Hester v. Vision Airlines, Inc.,*
  No. 2:09-cv-00117-RLH-RJJ, 2009 U.S. Dist. LEXIS 122287
  (D. Nev. Dec. 16, 2009)......................................................................9

*Hughes v. Microsoft Corp.,*
  No. C98-1646C, 2001 U.S. Dist. LEXIS 5976
  (W.D. Wash. Mar. 26, 2001) ..............................................................4

*In re Am. Med. Sys., Inc.,*
  75 F.3d 1069 (6th Cir. 1996) ..............................................................9

*In re Computer Memories Sec. Litig.,*
  111 F.R.D. 675 (N.D. Cal. 1986).........................................................8

*In re Cooper Cos. Sec. Litig.,*
  254 F.R.D. 628 (C.D. Cal. 2009) .................................................6, 10

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.,*
  No. MDL 901, 1993 WL 144861
  (C.D. Cal. Feb. 26, 1993)....................................................................8

746872_2

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)           - ii -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1

2

                                                                                                **Page**

3   *In re Mego Fin. Corp. Sec. Litig.,*

4          213 F.3d 454 (9th Cir. 2000) ...................................................................................5

5   *In re Monster Worldwide, Inc. Sec. Litig.,*
           251 F.R.D. 132 (S.D.N.Y. 2008) ............................................................................10

6   *In re Syncor ERISA Litig.,*

7          227 F.R.D. 338 (C.D. Cal. 2005) .............................................................................8

8   *In re THQ Inc. Sec. Litig.,*
           No. CV 00-1783AHM(EX), 2002 WL 1832145

9          (C.D. Cal. Mar. 22, 2002) ........................................................................................7

10  *Kirkorian v. Borelli,*

11         695 F. Supp. 446 (N.D. Cal. 1988) ..........................................................................4

12  *McPhail v. First Command Fin. Planning, Inc.,*
           247 F.R.D. 598 (S.D. Cal. 2007) ............................................................................10

13

14  *Negrete v. Allianz Life Ins. Co. of N. Am.,*
           238 F.R.D. 482 (C.D. Cal. 2006) ...........................................................................10

15  *Officers for Justice v. Civil Serv. Comm'n,*

16         688 F.2d 615 (9th Cir. 1982) ...................................................................................5

17  *Paul, John, Alston & Hunt v. Graulty,*
           886 F.2d 268 (9th Cir. 1989) ...................................................................................6

18

19  *Perez-Funez v. Dist. Dir., I.N.S.,*
           611 F. Supp. 990 (C.D. Cal. 1984) ..........................................................................7

20  *Powers v. Eichen,*

21         229 F.3d 1249 (9th Cir. 2000) .................................................................................6

22  *Protective Comm. for Indep. Stockholders*
    *of TMT Trailer Ferry v. Anderson,*

23         390 U.S. 414 (1968) .................................................................................................4

24  *Reed v. GMC,*
           703 F.2d 170 (5th Cir. 1983) ...................................................................................4

25

26  *Riker v. Gibbons,*
           No. 3:08-CV-00115-LRH-RAM,
           2009 U.S. Dist. LEXIS 35449 (D. Nev. Mar. 31, 2009) ..........................................9

746872_2

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)        - iii -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

Page

*Torrisi v. Tucson Elec. Power Co.*,
   8 F.3d 1370 (9th Cir. 1993) ...................................................................4, 6

*Weinberger v. Kendrick*,
   698 F.2d 61 (2d Cir. 1982)............................................................................4

*Yamner v. Boich*,
   No. C-92-20597 RPA, 1994 WL 514035
   (N.D. Cal. Sept. 15, 1994) ...........................................................................8

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78j(b).........................................................................................................1
   §78t(a).........................................................................................................1

28 U.S.C.
   §1715(d).....................................................................................................11

Federal Rules of Civil Procedure
   Rule 23 ...................................................................................................7, 10
   Rule 23(a)....................................................................................................7
   Rule 23(a)(1)...............................................................................................7
   Rule 23(a)(2)...............................................................................................8
   Rule 23(a)(3)...............................................................................................8
   Rule 23(a)(4)...............................................................................................9
   Rule 23(b)....................................................................................................7
   Rule 23(b)(3)...........................................................................................9, 10
   Rule 23(e)....................................................................................................4
   Rule 23(g)..................................................................................................10
   Rule 23(g)(1)..............................................................................................10

17 C.F.R.
   §240.10b-5 .................................................................................................2

**SECONDARY AUTHORITIES**

5 James Wm. Moore, *Moore's Federal Practice* (3d ed. 2002)
   §23.83[1] .....................................................................................................4

Ellen M. Ryan, Laura E. Simmons, *Securities Class
Action Settlements, 2011 Review and Analysis*
(Cornerstone Research 2012)..........................................................................5

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)  - iv -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1

2                                                                                    **Page**

3   *Manual for Complex Litigation* (3d ed. 1995)

4        §30.41.................................................................................................................................3, 4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MEMO IN SUPPORT OF PRELIM APPROVAL OF          ROBBINS GELLER RUDMAN & DOWD LLP
SETTLEMENT AND CERT. OF CLASS FOR              One Montgomery Street, Suite 1800, San Francisco, CA  94104
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)   - v -        Telephone: 415/288-4545 • Fax: 415/288-4534

## I.      INTRODUCTION

Lead Plaintiff[1] Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund ("Plumbers 630") respectfully submits this memorandum in support of preliminary approval of the settlement (the "Settlement") of this Litigation on the terms and conditions set forth in the Stipulation of Settlement ("Stipulation"), filed herewith. The Stipulation resolves claims against all Defendants in return for the payment of $12,500,000 for the benefit of the Class.[2]

The Settling Parties request that the Court enter the [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order"), submitted herewith. The Notice Order will: (1) preliminarily approve the Settlement; (2) certify a Class; (3) approve the method for providing notice of the Settlement to the Class; and (4) schedule a hearing (the "Settlement Hearing") at which the Court will consider final approval of: (a) the Settlement; (b) the Plan of Allocation of settlement proceeds; and (c) Lead Counsel's application for attorneys' fees and expenses.

## II.     PROCEDURAL BACKGROUND

On November 20, 2009, an action titled *Jerry Richard v. Northwest Pipe Company, et al.* was filed in this Court. A related action, *Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund v. Northwest Pipe Company, et al.*, No. 3:09-cv-05791-RJB (W.D. Wash.), was filed on December 22, 2009 on behalf of a class of purchasers of the securities of Northwest Pipe Company ("Northwest"). On February 25, 2010, the two actions were consolidated (the "Litigation") and Plumbers 630 was appointed Lead Plaintiff. Dkt. No. 18.

On December 20, 2010, Lead Plaintiff filed a Consolidated Complaint for Violation of the Federal Securities Laws (the "CC"). Dkt. No. 29. The CC asserts claims for violations of §§10(b)

---

[1]      All capitalized terms that are not defined herein have the same meanings as set forth in the Stipulation.

[2]      "Class" means all Persons who purchased or otherwise acquired Northwest common stock between April 2, 2007 and December 22, 2011, inclusive. Excluded from the Class are Defendants and certain Persons related to them as well as those Persons who request exclusion from the Class.

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)      - 1 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1  and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§78j(b), 78t(a))

2  and Rule 10b-5 promulgated thereunder.  It alleges, in summary, that Defendants engaged in

3  accounting improprieties during the Class Period and that, as a result, Northwest's earnings and

4  common stock price were artificially inflated.  Upon Northwest's restatement of its financial

5  statements, the price of its common stock declined to the damage of Lead Plaintiff and the Class.

6        On February 25, 2011, Defendants filed three separate motions to dismiss the CC.  Lead

7  Plaintiff filed its opposition to these motions on May 3, 2011, and Defendants filed reply briefs on

8  May 27, 2011.  On August 26, 2011, the Court issued an Order substantially denying the motions.

9  Dkt. No. 59.  Defendants answered the CC on October 24, 2011.  Dkt. Nos. 65-67.  Thereafter,

10 discovery commenced and Lead Plaintiff obtained more than 3 million pages of documents for

11 review and analysis.

12       On May 4, 2012, Lead Plaintiff filed its Consolidated Amended Complaint for Violation of

13 the Federal Securities Laws (the "AC").  Dkt. No. 80.  The AC included additional allegations

14 regarding Northwest's restated financial results.

15       The Litigation largely focused on whether or not Northwest's financial statements complied

16 with Generally Accepted Accounting Principles ("GAAP").  Lead Plaintiff asserted that Northwest's

17 restatement of its financial results twice during the Class Period was an admission that its

18 (unrestated) financial statements were materially false and misleading.  Just as vigorously,

19 Defendants asserted that GAAP does not establish "bright-line" rules for reporting financial results,

20 but are subject to good-faith judgments about proper financial reporting which they had exercised

21 here.  Accounting cases like this are notoriously complex and inevitably require both sides to retain

22 accounting experts.  The ensuing "battle of experts" increases the risk to either side's ability to

23 prevail.  Moreover, had the Litigation not settled, discovery would have continued, the parties would

24 have briefed summary judgment motions, an expensive and time consuming trial would have

25 occurred, and, regardless of which side prevailed, an appeal was likely.  However, with the

26 assistance of a highly experienced and respected mediator, the Honorable Edward A. Infante (Ret.),

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)      - 2 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1  the parties settled the Litigation and avoided the expense, risk, and delay associated with further

2  proceedings.

3  **III.   TERMS OF THE SETTLEMENT**

4          After arm's-length negotiations with the assistance of a respected mediator, the Settling

5  Parties have reached an agreement to settle the claims asserted for a total of $12,500,000 in cash.

6  Lead Plaintiff and its counsel have concluded, after a careful assessment of the issues in the

7  Litigation, and the expense, risk, delay, and uncertainty of continued litigation, that the Settlement is

8  a very good result and is in the best interests of the Class.

9  **IV.   THE SETTLEMENT SATISFIES THE CRITERIA NECESSARY FOR
       THIS COURT TO GRANT PRELIMINARY APPROVAL**

10

11     **A.      The Role of the Court in the Approval of a Class Action Settlement**

12          The procedure for approval of a proposed class action settlement is well established:

13              District court review of a class action settlement proposal is a two-step
          process. The first step is a preliminary, pre-notification hearing to determine whether
14          the proposed settlement is "within the range of possible approval." This hearing is
          not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason
15          to notify the class members of the proposed settlement and to proceed with a fairness
          hearing. Manual for Complex Litigation §1.46, at 53-55 (West 1977). If the district
16          court finds a settlement proposal "within the range of possible approval," it then
          proceeds to the second step in the review process, the fairness hearing.  Class
17          members are notified of the proposed settlement and of the fairness hearing at which
          they and all interested parties have an opportunity to be heard.  The goal of the
18          fairness hearing is

19              to adduce all information necessary to enable the judge intelligently
          to rule on whether the proposed settlement is "fair, reasonable, and
20          adequate."

21     *Manual for Complex Litigation* at 57.

22  *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980) (footnote omitted).

23          At this juncture, the parties request that the Court grant preliminary approval of the

24  Settlement so that notice of its terms may be sent to the Class and Class Members' comments

25  obtained.  At the Settlement Hearing, the Court will have before it more extensive pleadings

26  submitted in support of final approval of the Settlement.  Only then will the Court be asked to make

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)      - 3 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1  a determination as to whether the Settlement should be finally approved. *See* 5 James Wm. Moore,

2  *Moore's Federal Practice* §23.83[1], at 23-336.2 to 23-339 (3d ed. 2002).

3  **B.    Factors to Be Considered in Granting Preliminary Approval**

4  The factors to be considered in evaluating a settlement for purposes of preliminary approval

5  include the following:

6  If the preliminary evaluation of the proposed settlement does not disclose
grounds to doubt its fairness or other obvious deficiencies, such as unduly
7  preferential treatment of class representatives or of segments of the class, or
excessive compensation for attorneys, and appears to fall within the range of possible
8  approval, the court should direct that notice under Rule 23(e) be given to the class
members of a formal fairness hearing, at which arguments and evidence may be
9  presented in support of and in opposition to the settlement.

10  *Manual for Complex Litigation* §30.41, at 237 (3d ed. 1995). *Accord Torrisi v. Tucson Elec. Power*

11  *Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The Settlement meets these criteria.

12  First, there is no reason to doubt the fairness of the Settlement and it falls within the range of

13  possible approval. The Settlement is the result of arm's-length negotiations by experienced counsel.

14  At the time of settlement, motions to dismiss had been briefed and resolved and millions of pages of

15  documents had been produced in discovery for review and analysis by Lead Counsel. Courts

16  recognize that "'[a] presumption of correctness is said to attach to a class settlement reached in arms-

17  length negotiations between experienced capable counsel after meaningful discovery.'" *Hughes v.*

18  *Microsoft Corp.*, No. C98-1646C, 2001 U.S. Dist. LEXIS 5976, at *20 (W.D. Wash. Mar. 26, 2001)

19  (citation omitted).[3]   That scenario is what occurred here and Lead Counsel believe that this

20  Settlement is fair, reasonable, and adequate in light of the circumstances of this Litigation.

21  The question of whether a proposed settlement is fair, reasonable, and adequate necessarily

22  requires a judgment and evaluation based upon a comparison of "'the terms of the compromise with

23  the likely rewards of litigation.'" *Weinberger*, 698 F.2d at 73 (quoting *Protective Comm. for Indep.*

_____

25  [3]    *See also Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. GMC*, 703 F.2d 170, 175 (5th
Cir. 1983); *Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1982); *Armstrong*, 616 F.2d at 325; *Fisher Bros. v.*
26  *Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482, 489 (E.D. Pa. 1985).

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)      - 4 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1    *Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414, 424-25 (1968)). Here, although Lead

2    Plaintiff believes that its claims have merit, Lead Counsel recognize the significant risks and expense

3    necessary to prosecute Lead Plaintiff's claims against Defendants to a verdict and that, even if Lead

4    Plaintiff succeeded at trial, Defendants would undoubtedly appeal. Lead Counsel are also mindful of

5    the many problems of proof under, and defenses to, the claims asserted. However, based on Lead

6    Plaintiff's damage consultant's estimates, the proposed Settlement provides a very good recovery for

7    the Class, about 19% of the maximum recoverable damages ($64.7 million) under Lead Plaintiff's

8    damage theory.[4] An evaluation of the costs of litigation and benefits of settlement must also be

9    tempered by a recognition that any compromise involves concessions by all parties. Indeed, "the

10   very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest

11   hopes.'" *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982) (citation

12   omitted). Here, $12,500,000 has been obtained for the Class despite the risk of no recovery at all.

13       "[T]he stage of the proceedings" and the "extent of discovery completed" is another factor

14   which courts consider in determining the fairness of a settlement. *Officers for Justice*, 688 F.2d at

15   625; *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Here, Lead Counsel

16   conducted a thorough investigation of the issues prior to the Settlement. Lead Counsel, through their

17   investigators, located, contacted, and interviewed numerous witnesses, including former and current

18   Northwest employees. Moreover, the briefing on Defendants' motions to dismiss further highlighted

19   the factual and legal issues in dispute. In addition, Lead Counsel reviewed and analyzed over 3

20   million pages of documents obtained from Defendants. As a result, Lead Counsel had a clear view

21   of the strengths and weaknesses of the Class's claims. Having sufficient information to properly

22

23   ──────────────

24   [4]   According to a recent study by Cornerstone Research regarding securities class action settlements reached in
2011, this Settlement is about seven times the median settlement amount for cases with damages in the same range as

25   here. *See* Ellen M. Ryan, Laura E. Simmons, *Securities Class Action Settlements, 2011 Review and Analysis*, at 7
(Cornerstone Research 2012) (median settlement percentage for cases with alleged damages of between $50-$124

26   million is 2.6%).

746872_2

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)   - 5 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA 94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1  evaluate the case, Lead Counsel settled the Litigation at a relatively early stage on favorable terms

2  and eliminated the expense, risk, and delay of continued litigation.

3       Second, the Settlement does not treat Lead Plaintiff or segments of the Class preferentially.

4  The claims of all Class Members (including the Lead Plaintiff) will be calculated in accordance with

5  a Plan of Allocation of settlement proceeds (described in the Notice to be sent to the Class) which

6  was developed in consultation with a qualified economic consultant and is based on the damage

7  theory of the Litigation.[5]

8       Third, the compensation Lead Counsel will seek for prosecuting the Litigation and obtaining

9  the Settlement for the benefit of the Class is not excessive.  As set forth in the Notice, Lead Counsel

10 intend to seek a fee award of 25% of the Settlement Fund and expenses not to exceed $350,000.  A

11 25% fee is the "benchmark" in the Ninth Circuit.  *Paul, John, Alston & Hunt v. Graulty*, 886 F.2d

12 268, 272 (9th Cir. 1989); *Torrisi*, 8 F.3d at 1376; *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir.

13 2000).  The expenses sought are reasonable and were necessary in prosecuting the Litigation and

14 achieving the Settlement.

15      The Settlement is the product of serious, informed, non-collusive negotiations with the

16 assistance of a neutral and respected mediator.  It is well within the range of possible approval and

17 does not have any obvious deficiencies.  It should be preliminarily approved.

18 **V.    THE COURT SHOULD CERTIFY A CLASS FOR SETTLEMENT
         PURPOSES**

19

20      **A.    Standards Applicable to Class Certification**

21      The Stipulation provides for the certification of a Class for settlement purposes.  The

22 Litigation satisfies all of the criteria for class certification.  In this Circuit, "'Rule 23 is . . . liberally

23 construed in a securities fraud context because class actions are particularly effective in serving as

24 private policing weapons against corporate wrongdoing.'"  *In re Cooper Cos. Sec. Litig.*, 254 F.R.D.

25 ———————————————
[5]      As allowed by the Private Securities Litigation Reform Act of 1995, the Lead Plaintiff may request up to $3,500
26 for its time and expenses in representing the Class.  The Notice also discloses this.

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)  - 6 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

628, 642 (C.D. Cal. 2009) (citation omitted).  "'[T]he law in the Ninth Circuit is very well established that the requirements of Rule 23 should be liberally construed in favor of class action cases brought under the federal securities laws.'"  *In re THQ Inc. Sec. Litig.*, No. CV 00-1783AHM(EX), 2002 WL 1832145, at *2 (C.D. Cal. Mar. 22, 2002) (citation omitted).

Under Federal Rule of Civil Procedure 23(a), a class may be certified if: (i) it is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class. *Amchem Prods. v. Windsor*, 521 U.S. 591, 613 (1997).  The proposed class additionally must fall within one of the three categories of class actions defined in Rule 23(b).  *See Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 936 (9th Cir. 2009).

Lead Plaintiff requests that the Court certify a Class defined as:

[A]ll Persons who purchased or otherwise acquired Northwest common stock between April 2, 2007 and December 22, 2011, inclusive. Excluded from the Class are Defendants, members of the families of Defendants, any current or former parent, subsidiary, affiliate, partner, officer, executive or director of Northwest, any entity in which any such excluded party has a controlling interest and the legal representatives, affiliates, heirs, successors, or assigns of any such excluded Person. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

**B.     The Class Meets the Requirements of Rule 23(a)**

**1.     Rule 23(a)(1): Numerosity**

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable.  "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).  The exact size of the class need not be known so long as general knowledge and common sense indicate that the class is large. *Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 995 (C.D. Cal. 1984).  In securities litigation, courts regularly determine numerosity based on the volume of outstanding shares of nationally traded securities.

1   *Yamner v. Boich*, No. C-92-20597 RPA, 1994 WL 514035, at *3 (N.D. Cal. Sept. 15, 1994). Here,

2   Northwest's common stock trades on the NASDAQ and had approximately 9 million shares

3   outstanding during the Class Period. AC, ¶217. Common sense dictates that these shares were

4   purchased by hundreds if not thousands of investors, making joinder impracticable.

5   **2.      Rule 23(a)(2): Questions of Law or Fact Are Common**

6          Rule 23(a)(2) requires the existence of "questions of law or fact common to the class." Fed.

7   R. Civ. P. 23(a)(2). Commonality does not require class members to share all issues in the suit, but

8   simply a single common issue. *Blackie v. Barrack*, 524 F.2d 891, 902-03 (9th Cir. 1975). Indeed,

9   "[t]he Ninth Circuit has repeatedly found that common issues predominate in federal securities

10  actions where the proposed class members have all been injured by the same alleged course of

11  conduct." *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, No. MDL 901, 1993 WL

12  144861, at *6 (C.D. Cal. Feb. 26, 1993). Common questions of both law and fact abound here.

13  They include: whether Defendants' statements were material, false or misleading, made with the

14  requisite mental state, and whether Northwest's common stock price was artificially inflated during

15  the Class Period as a result. The commonality requirement is met.

16  **3.      Rule 23(a)(3): Lead Plaintiff's Claims Are Typical**

17         Rule 23(a)(3)'s typicality element is satisfied where the claims of the proposed class

18  representatives arise from the same course of conduct that gives rise to the claims of the other class

19  members, and where the claims are based on the same legal theory. *In re Computer Memories Sec.*

20  *Litig.*, 111 F.R.D. 675, 680 (N.D. Cal. 1986). Rule 23(a)(3) does not require plaintiffs to show that

21  their claims are identical to every issue of the class, but that significant common questions exist. *In*

22  *re Syncor ERISA Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005).

23         Here, Lead Plaintiff's and the Class's claims are identical. Lead Plaintiff and Class Members

24  purchased Northwest's common stock based on the same alleged misrepresentations and at the same

25  allegedly artificially inflated prices, and suffered damages as a result. Lead Plaintiff's and Class

26  Member's claims are also based on the same legal theory. Accordingly, the typicality requirement is

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)      - 8 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1  satisfied. *See Hester v. Vision Airlines, Inc.*, No. 2:09-cv-00117-RLH-RJJ, 2009 U.S. Dist. LEXIS

2  122287, at *12 (D. Nev. Dec. 16, 2009) (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th

3  Cir. 1996)).

**4.      Rule 23(a)(4): The Lead Plaintiff Is Adequate**

5      Rule 23(a)(4)'s adequacy element entails two showings: (i) class counsel must be qualified,

6  experienced, and generally able to conduct the litigation; and (ii) there must be no disabling conflict

7  between the interests of the named class representative and the members of the class. *See Riker v.*

8  *Gibbons*, No. 3:08-CV-00115-LRH-RAM, 2009 U.S. Dist. LEXIS 35449, at *14 (D. Nev. Mar. 31,

9  2009) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).

10      First, Lead Counsel are highly qualified, experienced, and able to conduct this Litigation

11  vigorously and effectively, and have done so.  Lead Counsel have a strong record of successfully

12  litigating securities class actions as lead counsel. *See* www.rgrdlaw.com.

13      Second, there is no conflict or antagonism between the claims of the Lead Plaintiff and those

14  of Class Members.  Lead Plaintiff and each member of the Class have identical interests in

15  establishing Defendants' liability.

**C.      The Class Meets the Requirements of Rule 23(b)(3)**

**1.      Common Questions of Law or Fact Predominate**

18      Lead Plaintiff seeks class certification under Rule 23(b)(3).  Rule 23(b)(3) requires that

19  questions of law or fact common to the members of the class "predominate" over any questions

20  affecting only individual members. Fed. R. Civ. P. 23(b)(3).  The predominance inquiry "tests

21  whether proposed classes are sufficiently cohesive to warrant adjudication by representation."

22  *Amchem*, 521 U.S. at 623.  "'When common questions present a significant aspect of the case and

23  they can be resolved for all members of the class in a single adjudication, there is clear justification

24  for handling the dispute on a representative rather than on an individual basis.'" *Hanlon*, 150 F.3d at

25  1022 (citation omitted).  The predominance requirement is "readily met" in securities class actions.

26

746872_2

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)      - 9 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1   *Amchem*, 521 U.S. at 625. *See also Cooper*, 254 F.R.D. at 632 ("As the Ninth Circuit has so aptly

2   stated, securities fraud cases fit Rule 23 'like a glove.'") (citation omitted).

3           Predominance of common questions generally will be found where, as here, "'many

4   purchasers have been defrauded over time by similar misrepresentations, or by a common scheme to

5   which alleged non-disclosures related.'" *Negrete v. Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482,

6   492 (C.D. Cal. 2006) (citation omitted).   Generalized proof would be offered with respect to the

7   issues of: (1) whether Defendants' statements and omissions were false and material; (2) whether

8   Defendants acted with scienter; and (3) the resulting impact on the price of Northwest stock.

9                   **2.      A Class Action Is a Superior Method of Adjudication**

10          Rule 23(b)(3) sets forth the following factors to be considered in determining whether class

11  certification is the superior method of litigation:  "(A) the class members' interests in individually

12  controlling the prosecution . . . of separate actions; (B) the extent and nature of any litigation . . .

13  already begun by . . . class members; (C) the desirability or undesirability of concentrating the

14  litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class

15  action."  As a general rule, securities cases satisfy the superiority requirement as violations of the

16  federal securities laws can inflict economic injury on large numbers of persons and the cost of

17  pursuing individual litigation is often not feasible. *In re Monster Worldwide, Inc. Sec. Litig.*, 251

18  F.R.D. 132, 139 (S.D.N.Y. 2008). *See also McPhail v. First Command Fin. Planning, Inc.*, 247

19  F.R.D. 598, 615 (S.D. Cal. 2007).  The same is true here.

20          **D.      Lead Counsel Should Be Appointed Class Counsel Under Rule 23(g)**

21          Rule 23(g)(1) states that "a court that certifies a class must appoint class counsel," Fed. R.

22  Civ. P. 23(g)(1), and Lead Counsel should be appointed here.  Lead Counsel will continue to fairly

23  and adequately represent the Class.  Lead Counsel have been appointed to lead roles in hundreds of

24  complex class actions and have been responsible for outstanding recoveries on behalf of investors.

25  A few cases include: *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.) (recovering in excess

26  of $7.3 billion for investors); *In re UnitedHealth Group Inc. PSLRA Litig.*, No. 06-CV-1691 (D.

746872_2

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)   - 10 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1    Minn.) (recovering over $925 million); *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-575 (S.D.

2    Ohio) (recovering $600 million for investors); *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-

3    1500-S (N.D. Ala.) (obtaining a combined recovery of $671 million); and *In re Dynegy, Inc. Sec.*

4    *Litig.*, No. H-02-1571 (S.D. Tex.) (recovering $474 million).

5    **VI.    PROPOSED SCHEDULE OF EVENTS**

6           In connection with preliminary approval of the Settlement, the Court must set a date for the

7    Settlement Hearing and related deadlines.  Lead Plaintiff proposes the following schedule:

| | |
|---|---|
| Notice mailed to Class ("Notice Date") | 14 days after the Court enters the Notice Order |
| Summary Notice published | 10 days after the Notice Date |
| Deadline for filing papers in support of the Settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses | 30 days after the Notice Date |
| Deadline for requesting exclusion from the Class, objecting to the Settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses | 55 days from the Notice Date |
| Reply papers in support of the Settlement, Plan of Allocation, or request for an award of attorneys' fees and expenses | 14 days before the Settlement Hearing |
| Settlement Hearing | At least 100 days[6] from the filing of the Stipulation |

---

[6]    The Class Action Fairness Act, 28 U.S.C. §1715(d), requires that defendants must provide formal written notice of the proposed settlement to the United States Attorney General and to the appropriate officials of the 50 states within 10 days following the filing of the Stipulation, and that the Court may not grant final approval to a proposed settlement any earlier than 90 days after such notices are served.

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)  **- 11 -**

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1

**VII.    CONCLUSION**

2

    For all of the foregoing reasons, Lead Plaintiff respectfully submits that the Settlement

3

should be preliminarily approved and the Notice Order entered.

4

DATED:  October 23, 2012                     Respectfully submitted,

5

                                             ROBBINS GELLER RUDMAN
6                                              & DOWD LLP
                                             CHRISTOPHER P. SEEFER
7                                            CHRISTOPHER M. WOOD

8

9                                            _____
                                                    s/ Christopher P. Seefer
                                                 CHRISTOPHER P. SEEFER
10

11                                           Post Montgomery Center
                                             One Montgomery Street, Suite 1800
                                             San Francisco, CA  94104
12                                           Telephone:  415/288-4545
                                             415/288-4534 (fax)
13                                           Email:  cseefer@rgrdlaw.com
14                                           Email:  cwood@rgrdlaw.com

15                                           ROBBINS GELLER RUDMAN
                                               & DOWD LLP
16                                           KEITH F. PARK
                                             655 West Broadway, Suite 1900
17                                           San Diego, CA 92101
                                             Telephone: 619/231-1058
18                                           619/231-7423 (fax)
                                             Email:  keithp@rgrdlaw.com
19

                                             Lead Counsel for Plaintiff
20

                                             HAGENS BERMAN SOBOL SHAPIRO LLP
21                                           KARL P. BARTH, WSBA No. 22780
                                             1918 Eighth Avenue, Suite 3300
22                                           Seattle, WA  98101
                                             Telephone:  206/623-7292
23                                           206/623-0594 (fax)
                                             Email:  karlb@hbsslaw.com
24

25

26

746872_2

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)   - 12 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Liaison Counsel for Plaintiff

SUGARMAN & SUSSKIND
HOWARD S. SUSSKIND
100 Miracle Mile, Suite 300
Coral Gables, FL  33134
Telephone:  305/529-2801
305/447-8115 (fax)

Additional Counsel for Plaintiff

MEMO IN SUPPORT OF PRELIM APPROVAL OF
SETTLEMENT AND CERT. OF CLASS FOR
SETTLEMENT PURPOSES (3:09-cv-05724-RBL)     - 13 -

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

1

CERTIFICATE OF SERVICE

2       I hereby certify that on October 23, 2012, I authorized the electronic filing of the foregoing

3   with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4   the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5   caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6   CM/ECF participants indicated on the attached Manual Notice List.

7       I certify under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct. Executed on October 23, 2012.

9

10                                      s/ CHRISTOPHER P. SEEFER
                                        CHRISTOPHER P. SEEFER

11                                      ROBBINS GELLER RUDMAN
                                            & DOWD LLP
12                                      Post Montgomery Center
                                        One Montgomery Street, Suite 1800
13                                      San Francisco, CA  94104
                                        Telephone:  415/288-4545
14                                      415/288-4534 (fax)

15                                      E-mail: cseefer@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

14

738014_3

STIPULATION OF SETTLEMENT
(3:09-cv-05724-RBL)

ROBBINS GELLER RUDMAN & DOWD LLP
One Montgomery Street, Suite 1800, San Francisco, CA  94104
Telephone: 415/288-4545 • Fax: 415/288-4534

# Mailing Information for a Case 3:09-cv-05724-RBL

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Inessa Baram-Blackwell**
  ibaramblackwell@wsgr.com,rcarter@wsgr.com

- **Karl Phillip Barth**
  Carrie@hbsslaw.com,karlb@hbsslaw.com

- **Douglas J Clark**
  dclark@wsgr.com,ktrevisan@wsgr.com

- **Larry Steven Gangnes**
  gangnesl@lanepowell.com,gracen@lanepowell.com,docketing-sea@lanepowell.com,donnellyjossm@lanepowell.com

- **Barry M Kaplan**
  bkaplan@wsgr.com,plane@wsgr.com,rcarter@wsgr.com

- **George H Mernick , III**
  ghmernick@hhlaw.com

- **Keith F Park**
  keithp@rgrdlaw.com

- **Darren J Robbins**
  e_file_sd@csgrr.com

- **Ignacio E Salceda**
  isalceda@wsgr.com,rlustan@wsgr.com

- **Christopher P Seefer**
  chriss@rgrdlaw.com,khuang@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Tanya Durkee Urbach**
  urbacht@lanepowell.com,pinkleyl@lanepowell.com

- **Robin Wechkin**
  robin.wechkin@hoganlovells.com,ky-yen.wong@hoganlovells.com

- **Erin M. Wilson**
  wilsonem@lanepowell.com,Docketing-SEA@lanepowell.com,wileyj@lanepowell.com

- **Christopher M Wood**
  cwood@rgrdlaw.com,e_file_sf@rgrdlaw.com

**15**

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

**16**